UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JENNIFER L. DISTEFANO | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION |
| | * | JUDGE |
| | * | |
| INTERNATIONAL PAPER IN | * | |
| NORTH AMERICA | * | DIVISION |
| | * | MAGISTRATE JUDGE |

* * * * * * * * * * * * * * * * * * * *

### COMPLAINT: FMLA INTERFERENCE AND RETALIATION

Plaintiff Jennifer L. Distefano, for her complaint against the Defendant, International Paper, respectfully shows the Court and alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action for damages and injunctive relief caused by Defendant's interference and refusal to permit Plaintiff to take a leave of absence from employment and subsequent discharge of plaintiff from employment, in violation of Section 102 of the Family and Medical Leave Act of 1993, (29 U.S.C. § 2615), as amended, (hereafter, FMLA). This is Plaintiff's private lawsuit filed pursuant to § 107 of the FMLA.

### II. JURISDICTION AND VENUE

2. The jurisdiction of this Court over this controversy in invoked pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

3. The unlawful employment practices described herein were committed within the Eastern District of Louisiana, at defendant's paper plant in Bogalusa, Louisiana. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Jennifer L. Distefano (Jennifer Distefano or Distefano) is a citizen of the United States and a resident of the State of Louisiana. Plaintiff was employed lately as a customer service representative by Defendant for over three years until __, 2019 when her employment was unlawfully terminated by Defendant. Plaintiff was an "employee" of defendant within the meaning of 29 U.S.C. § 2611(2)(A) at the time she requested of defendant a leave of absence from employment pursuant to the FMLA.

5. Defendant International Paper in North America (International Paper) is a New York corporation headquartered in Memphis, Tennessee engaged in the business of producing and marketing paper products, with manufacturing facilities located in Bogalusa, Louisiana. At all times pertinent hereto Defendant employed well in excess of thirty thousand (30,000) employees within its region. Defendant was the "employer" of plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

### IV. FACTS

6. Beginning in 2015, Plaintiff worked full time for Defendant as a customer service representative as a non-exempt employee earning twenty dollars an hour. At all times Plaintiff performed her duties in an exemplary manner, in all areas which can be measured. Plaintiff achieved positive results with her customer-clients and consistently was complimented by them for the efficient and pleasant way she conducted business.

7. On or about March 2019 Plaintiff applied for and was granted FMLA leave for physical manifestations of emotional stress secondary to on the job harassment. When Plaintiff returned from her protected leave later that month she was advised by her supervisor that her performance was "not improving" and that her recent absence had been a significant problem because her team mates "should not have to be doing…[Plaintiff's]…work."

8. On or about August 13, 2019 Plaintiff again applied for FMLA leave for stress, citing the same symptoms and causes as before.

9. When Plaintiff was away from her job, her workload was the responsibility of her immediate supervisor, Kim Rayburn (Rayburn), who, as an exempt employee, received no extra compensation for the hours she worked in excess of forty hours per week.

10. Plaintiff's absence increased the uncompensated workload on Plaintiff's supervisor, who, due to business conditions, already worked long hours attempting to accomplish her job objectives.

11. After approximately six weeks on protected FMLA leave, Plaintiff's supervisor Kim Rayburn recommended to supervisors Scott Viator and Greg Roberts that Plaintiff be terminated for cause. Accordingly, Defendant terminated Plaintiff on October 1, 2019 without any independent investigation into the stated reasons advanced by Plaintiff's supervisor Kim Rayburn.

12. After she received notice of her termination, Plaintiff requested specifics reasons but Defendant failed and refused to provide any, other than "performance". This reason is false and pretextual. Plaintiff met all of her measurable job performance goals and at all times related well with Defendant's customers.

## V. CLAIMS

13. Defendant interfered with Plaintiff's protected FMLA leave when it terminated her without reasonable cause and failed to restore her to her job or to an equivalent job.

14. Defendant retaliated against Plaintiff for availing herself of FMLA protection. Defendant negligently failed to investigate Kim Rayburn's baseless claim of poor job performance and ratified Rayburn's recommendation, which was based upon an impermissible animus. Any independent investigation would have revealed that Plaintiff was highly effective at her job of customer representative.

## VI. PRAYER FOR RELIEF

15. WHEREFORE, plaintiff respectfully requests that this Court:

   a) Enter a judgment that Defendant's interference with Plaintiff's FMLA leave violated 29 U.S.C. § 2615 of the Family and Medical Leave Act of 1993;

   b) Issue a mandatory injunction pursuant to 29 U.S.C. § 2617(1)(B) directing Defendant to rehire Plaintiff retroactive to June 4, 2012, to her position as sales representative or to an equivalent position;

   c) Issue a mandatory injunction, pursuant to 29 U.S.C. § 2617(1)(B) directing Defendant to place Plaintiff on employment leave, retroactive to her date of discharge;

   d) Issue a mandatory injunction, pursuant to 29 U.S.C. § 2617(1)(B), directing Defendant to reinstate all of the Plaintiff's employment benefits, including, but not limited to, her health insurance, retroactive to her date of discharge;

e) Enter a judgment pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses plaintiff sustained as a direct result of Defendant's interference with Plaintiff's employment leave;

f) Enter a judgment pursuant to 29 U.S.C. § 2617(a)(3) against Defendant and in favor of Plaintiff for allowable liquidated damages and reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

g) Award Plaintiff such further and additional relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Dale E. Williams*
Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985)898-6368
Facsimile: (985)892-2640
dale@daleslaw.com

## VERIFICATION

Pursuant to the provisions of 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint, and it is true and correct to my personal knowledge and belief.

Covington, Louisiana, this November 2, 2020.


Jennifer Pigott Distefano (Nov 2, 2020 18:43 CST)
JENNIFER L. DISTEFANO